TERRY v AFFUM

Docket Nos. 210862, 213582. Submitted November 3, 1998, at Detroit. Decided January 22, 1999, at 9:00 A.M.

Clifford Joseph Terry, Sr., and his parents brought an action in the Macomb Circuit Court against Doretha L. Affum other maternal aunts, and an uncle of Clifford Joseph Terry, Jr., a minor, seeking a determination of the paternity of the child and an adjudication regarding custody and visitation. The child had been born to Betty Lee, the now deceased sister of the defendants and had been in Lee's custody from his birth until her death. Pursuant to stipulation by the parties, the court, Antonio P. Viviano, J., entered an order establishing Clifford Joseph Terry, Sr., as the child's father, awarding him sole legal and physical custody of the child, and granting the defendants visitation rights. The plaintiffs subsequently moved for termination of the defendants' visitation rights, arguing that the defendants had no legal right to visitation. The defendants moved to compel visitation. The court issued an order providing for visitation by the defendants. The plaintiffs appealed by leave granted from the order allowing visitation.

The Court of Appeals *held*:

1. Section 6c of the Child Custody Act, MCL 722.26c; MSA 25.312(6c), permits a third person to bring an action for custody of a child if a court finds that certain conditions are met. In this case, the defendants, in seeking visitation, have not asserted a claim for custody and therefore cannot rely on § 6c to provide them with standing to pursue visitation.

2. Once the decision was made to terminate visitation, the stipulation for visitation by the defendants was of no moment and did not confer on the defendants a legal or equitable right, title, or interest in the subject matter of the controversy.

3. Although the law and the public policy of Michigan have dictated various situations in which a party can seek to maintain a relationship with a minor child in order to protect the best interests of the child, there is no specific provision for ensuring visitation between a minor child and the siblings of a deceased parent of the minor child.

Reversed.

INFANTS — CHILD CUSTODY ACT — THIRD PERSONS — VISITATION.
  The provision in the Child Custody Act permitting a third person to
  bring an action for custody of a child if a court finds that certain
  conditions are met does not confer on a third person standing to
  pursue an action that seeks visitation only (MCL 722.26c; MSA
  25.312[6c]).

*Jerry M. Seay*, for the plaintiffs.

*Essick & Salmu, P.C.* (by *Robert J. Essick*), for the defendants.

Before: MURPHY, P.J., and FITZGERALD and GAGE, JJ.

MURPHY, P.J. Plaintiffs, the father and the paternal grandparents of Clifford Joseph Terry, Jr., a minor child, born January 29, 1991, appeal by leave granted the order granting defendants, the child's maternal aunts and uncle, visitation with the child. We reverse.

Following the sudden death of Betty Lee, the child's mother, on May 6, 1997, the child went to live with his father, Clifford Joseph Terry, Sr. (hereafter Terry). Lee and Terry never married. After Lee's funeral, during which time Terry permitted the child to spend time with defendants, defendants failed to return the child to Terry. Plaintiffs thereafter filed a complaint for a paternity hearing and for an adjudication of the custodial rights of the parties. Plaintiffs also requested the court to address the issue of visitation by defendants.

Subsequently, Terry's paternity was established and the parties stipulated the entry of an order establishing Terry's paternity and granting sole legal and physical custody of the minor child to Terry. The order also reflected the parties' agreement that it was in the best interests of the minor child for him to continue a relationship with defendants. Accordingly, the parties

stipulated defendants' visitation with the minor child. Less than three months later, however, plaintiffs moved to amend the order and terminate defendants' visitation rights, arguing that defendants had no legal right to visitation. Plaintiffs contended that they stipulated visitation under duress because defendants would not otherwise return the child. They further alleged that defendants had exercised their visitation rights only sporadically, and that the child had received less than adequate care when in defendants' custody. Finally, they asserted that the child recently indicated that he no longer wished to visit with defendants. Defendants responded with a motion to compel visitation and counseling, and a request for attorney fees.

Following a hearing, the court referred the matter to the friend of the court regarding the visitation and counseling issues, and the court amended its original visitation order but still allowed for visitation. Following the evaluation of the friend of the court, the referee concluded that, because plaintiffs still maintained that defendants were not entitled to visitation rights and because defendants lacked standing to pursue visitation, visitation should be terminated and the parties should not be made to attend counseling. Defendants filed written objections to the friend of the court recommendations, and plaintiffs moved to adopt the report and the recommendations.

Ultimately, the circuit court entertained oral arguments from the parties with regard to the issue of visitation. The court ruled that defendants did have standing as aunts and uncle of the minor child to pursue visitation. The court explained that its finding on standing was based on defendants' relation to the

deceased mother of the minor child, and because the child was in the sole custody of the mother throughout his life and until her death. The court recognized that the child had a relationship with the mother's family and opined that termination of that relationship would not be in the best interests of the child. Therefore, the court entered an order granting defendants visitation rights with the minor child every other weekend, two weeks over the summer, every other year at Thanksgiving, and on a rotating basis on either Christmas Eve or Christmas Day each year. Plaintiffs objected that the court was making its finding without an evidentiary hearing; however, the court responded that although it was not opposed to an evidentiary hearing, there was nothing on the record at that time to suggest that the child was in danger or that a relationship with defendants was not in the best interests of the child.

The issue presented for consideration in this appeal is whether defendants, as the maternal aunts and uncle of the child, have standing to maintain a third-party action for court-ordered visitation of the minor child pursuant to the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* We conclude that they do not. Statutory construction and the determination whether a party has legal standing are questions of law that we review de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

Defendants rely on MCL 722.26c; MSA 25.312(6c) to support their claim of standing. The statute provides, in pertinent part, as follows:

> (1) A third person may bring an *action for custody* of a child if the court finds . . . :

\* \* \*

(b) All of the following:

(i) The child's biological parents have never been married to one another.

(ii) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

(iii) The third person is related to the child within the fifth degree by marriage, blood, or adoption. [MCL 722.26c(1)(b); MSA 25.312(6c)(1)(b). (emphasis supplied).]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The rules governing statutory construction require that every word or phrase of a statute be given its commonly accepted meaning. *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). Indeed, the Legislature is presumed to have intended to include the words and meaning it plainly expressed. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). Thus, judicial construction is not necessary or permitted where the plain and ordinary meaning of the language is clear. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

We conclude that defendants do not have standing to seek visitation under MCL 722.26c; MSA 25.312(6c) because defendants have not asserted a claim for *custody* but rather seek only *visitation*, of which this provision makes no mention. Although it is true that a claim for custody seeks a greater right and degree of intrusion than does a claim for visitation, and although one may argue that visitation rights are

implicit in custody rights, the clear language of the relevant statute limits third-party actions to *actions for custody*. Indeed, our review of the Child Custody Act reveals only one instance where a third party is conferred standing to seek visitation. Pursuant to MCL 722.27b; MSA 25.312(7b), a grandparent of a minor child may seek an order for visitation under carefully limited circumstances. *Nelson v Kendrick*, 187 Mich App 367, 369; 466 NW2d 402 (1991). It can be reasonably inferred that if the Legislature intended to afford similar rights to other relatives or third parties, it would have incorporated a similar provision in the Child Custody Act. It did not, however, and we will not read into the statute that which "is not within the manifest intent of the Legislature as gathered from the act itself." *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

Defendants make much of the fact that the parties originally stipulated defendants' visitation rights with the minor child. Specifically, defendants contend that once the parties agreed to allow defendants visitation, the trial court had the authority to approve the stipulation and incorporate it into an order. However, as our Supreme Court noted in *Bowie v Arder*, 441 Mich 23, 42-43; 490 NW2d 568 (1992), citing 59 Am Jur 2d, Parties, § 30, p 414,

> [o]ne cannot rightfully invoke the jurisdiction of the court to enforce private rights, or maintain a civil action for the enforcement of such rights, unless one has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. This interest is generally spoken of as "standing."

Upon plaintiffs' decision to terminate defendants' visitation rights, defendants were without standing to pursue visitation, irrespective of the prior agreement of the parties. In our opinion, once a decision was made to terminate visitation, the stipulation was of no moment and did not confer on defendants a "legal or equitable right, title, or interest in the subject matter of the controversy," which was not otherwise present. *Id.*

The law protects the natural parent's relationship with the parent's child and should not unnecessarily interfere with that relationship, even at the cost of estrangement to the extended family. Plaintiff Clifford Joseph Terry, Sr., has the right to decide whether his child should be exposed to certain people and influences. Indeed, the freedom of parents in the care, custody, and management of their children has been held to be a fundamental liberty interest protected by the Fourteenth Amendment of the United States Constitution. *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). Although the law and public policy of Michigan have dictated various situations in which a party can seek to maintain a relationship with a minor child in order to protect the best interests of the child, there is no specific provision for ensuring visitation between a minor child and a deceased parent's siblings.

Accordingly, we reverse the order of the circuit court awarding visitation rights to defendants. In light of our resolution of this case, we need not reach plaintiffs' remaining issue.

Reversed.