*525
 
 on remand
 

 Before: Murphy, RJ., and Fitzgerald and Gage, JJ.
 

 Murphy, P.J.
 

 Previously, plaintiffs, the father and the paternal grandparents of Clifford Joseph Terry, Jr., a minor child bom January 29, 1991, appealed from separate circuit court orders granting defendants, the only living relatives of the child’s deceased mother, parenting time
 
 [1]
 
 with the child. We reversed on the ground that MCL 722.26c; MSA 25.312(6c) does not confer standing upon third parties to seek parenting time.
 
 Terry v Affum,
 
 233 Mich App 498; 592 NW2d 791 (1999). Our resolution led us not to address plaintiffs’ remaining issue, which concerned the circuit court’s award of parenting time in the absence of a hearing to determine the child’s best interests. Our Supreme Court,
 
 Terry v Affum,
 
 460 Mich 855 (1999), has affirmed our analysis of the standing issue, but has vacated the result we reached and remanded for our consideration whether this is an “appropriate case” for an award of parenting time based on the child’s best interests.
 
 [2]
 
 We conclude that this may be
 
 *526
 
 an “appropriate case” and remand to the circuit court so that it may properly conduct an evidentiary hearing to determine the child’s best interests.
 

 i
 

 The facts of this case are reported at 233 Mich App 498. Briefly stated, after the May 6, 1997, death of Betty Lee, the child’s mother, the child went to live with his father, plaintiff Clifford Joseph Terry, Sr. (hereafter Terry). Although Lee and Terry lived together until approximately a year before her death, they had never married. After Lee’s funeral, during which time Terry permitted the child to spend time with defendants, defendants refused to return the child to Terry contending that his paternity had never been established. In subsequent court proceedings initiated by Terry, the parties stipulated the entry of an order establishing his paternity and granting him sole legal and physical custody of the child. The order also reflected the parties’ agreement that it was in the child’s best interests for him to continue a relationship with his mother’s family. Thus, the parties stipulated defendants’ parenting time with the child. Shortly after entry of the order, plaintiffs moved to amend this order and terminate defendants’ parenting time rights. After referring the matter to the friend of
 
 *527
 
 the court in an attempt to bring the parties together, the circuit court ultimately heard oral arguments concerning the issue of parenting time. In an order entered April 6, 1998, the circuit court ruled that defendants had standing to seek parenting time and granted a revised schedule of parenting time. Plaintiffs appealed from this order in Docket No. 210862.
 

 After its April 6, 1998, order and after plaintiffs initiated appellate proceedings, the circuit court conducted an additional hearing. The asserted propose of this June 17, 1998, hearing was the joint consideration of plaintiffs’ motion for an evidentiary hearing concerning their objections to the already ordered parenting time and of defendants’ motion to show cause why Terry should not be punished for contempt for his refusal to comply with the various orders previously issued. The circuit court ended this hearing after taking only the testimony of plaintiff Clifford Terry, the child’s grandfather. In a continuation of this proceeding on June 19, 1998, the court found Terry not guilty of contempt, and yet another parenting time arrangement was placed on the record. This minor modification of the April 6, 1998, order was reduced to a written order entered on July 17, 1998. Terry refused to abide by this order, and, on August 5, 1998, the court entered an order of civil contempt against Terry. In Docket No. 213582, plaintiffs appealed from this order, raising the identical issues they presented in Docket No. 210862.
 
 [3]
 

 
 *528
 
 n
 

 MCL 722.27; MSA 25.312(7) provides:
 

 (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
 

 (b) Provide for reasonable parenting time of the child by the parties involved, by the maternal or paternal grandparents, or by others, by general or specific terms and conditions. Parenting time of the child by the parents is governed by section 7a.
 

 On its face MCL 722.27(l)(b); MSA 25.312(7)(l)(b) discusses the power of the circuit court to grant reasonable parenting time to various parties if such action is in the best interests of a child. Our Supreme Court directed us to determine whether this provision should be applied in this case to uphold the circuit court’s award of parenting time to defendants who otherwise are third parties without standing.
 
 [4]
 
 The first question we must answer is when, in a child custody dispute, can or should the circuit court exercise this discretionary power. Only if this case presents a situation in which an award of parenting time could
 
 *529
 
 be valid need we consider whether the orders appealed should be upheld.
 

 While grandparenting time is specifically provided for within the Child Custody Act,
 
 [5]
 
 resulting in numerous cases on that topic, there is a dearth of case law dealing with third-party parenting time under MCL 722.27(l)(b); MSA 25.312(7)(l)(b). There are, however, instructive cases concerning third-party custody issues arising pursuant to MCL 722.27(l)(a); MSA 25.312(7)(l)(a), the analogous statutory provision. In
 
 Ruppel v Lesner,
 
 421 Mich 559, 565-566; 364 NW2d 665 (1984), in our Supreme Court’s discussion of the lack of standing afforded third parties under the Child Custody Act, the following relevant statement was made:
 

 The Child Custody Act does not create substantive rights of entitlement to custody of a child. Rather, it creates presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court.
 
 While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce),
 

 [7]
 

 nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody “dispute” by simply filing a complaint in circuit court alleging that giving custody to the third party is in the “best interests of the child.” [Emphasis added.]
 

 
 *530
 
 This reference to the circuit court’s power was clarified in
 
 Bowie v Arder,
 
 441 Mich 23, 48-49; 490 NW2d 568 (1992), where the Court stated:
 

 Therefore, we reaffirm our holding in
 
 Ruppel
 
 that a third party cannot create a custody dispute by simply filing a complaint in circuit court alleging that giving legal custody to the third party is in the best interests of the child. A third party does not have standing to create a custody dispute not incidental to divorce or separate maintenance proceedings
 
 [22]
 
 unless the third party is a guardian of the child or has a substantive right of entitlement to custody of the child.
 

 This Court recently summarized the meaning of these two references, stating:
 

 Thus,
 
 Ruppel
 
 and
 
 Bowie
 
 indicate that, when appropriate, a circuit court may award custody to a third party in a divorce case. However,
 
 Bowie
 
 indicates that an award of custody to a third party in a divorce case is not based on the third party’s standing to assert a claim for custody, but, rather, in an appropriate case, on the circuit court’s deter
 
 *531
 
 mination of the child’s best interests.
 
 [Sirovey v Campbell,
 
 223 Mich App 59, 74-75; 565 NW2d 857 (1997).]
 

 We now review the cases cited in
 
 Ruppel
 
 in order to establish guidelines regarding what presents an “appropriate case” for an award of custody to a third party without standing. From these guidelines we can determine, by analogy, whether this case presents an appropriate situation in which to award parenting time despite defendants’ lack of standing.
 

 In
 
 Siwik, supra
 
 at 605, while still married to the plaintiff father, the defendant mother voluntarily gave physical custody of the parties’ child to his paternal grandparents. When granting the plaintiff a default judgment of divorce one year later, the circuit court awarded custody of the child to the paternal grandparents.
 
 Id.
 
 After a hearing regarding the defendant mother’s subsequent petition to modify the divorce judgment, the court entered an order changing custody to the defendant.
 
 Id.
 
 The paternal grandparents appealed, and, after remand for a more extensive hearing at which the court reached the same conclusion, this Court affirmed the change of custody,
 
 Id.
 

 In
 
 Deel, supra
 
 at 558, the plaintiff father filed for divorce and obtained an ex parte interim order granting him custody of the parties’ child. Less than a month later a new order was entered granting temporary custody to the child’s maternal grandmother.
 
 Id.
 
 The child was in the physical custody of the maternal grandmother for between three and five years, with custody the year immediately preceding the divorce trial being pursuant to an order granting her temporary legal custody.
 
 Id.
 
 at 558-559. Much of the divorce trial concerned the custody dispute between the plaintiff father and the maternal grandmother.
 
 Id.
 
 at
 
 *532
 
 559. At the conclusion of the trial the court awarded the father custody, a judgment this Court affirmed on appeal.
 
 Id.
 
 at 559, 564.
 

 In
 
 Stevens, supra
 
 at 261, three days after she filed for divorce the plaintiff mother successfully petitioned to have the paternal aunt and uncle of the parties’ child appointed as co-guardians for the child. The paternal aunt and uncle had physical custody of the child through the divorce.
 
 [6]
 

 Id.
 
 When the judgment of divorce was entered, custody of the child was awarded to the plaintiff mother, who allowed the child to remain with the paternal aunt and uncle.
 
 Id.
 
 The plaintiff mother subsequently petitioned for a change of custody, and, following a hearing, the court entered an order awarding the plaintiff mother custody.
 
 Id.
 
 at 261-262. The paternal aunt and uncle appealed, and this Court remanded for further proceedings on the ground that the circuit court had erroneously applied the Child Custody Act during the custody hearing.
 
 Id.
 
 at 262, 269.
 

 Finally, in
 
 Bohr, supra
 
 at 355, a judgment of divorce awarded custody of the parties’ children to the plaintiff mother. Three years later the defendant father petitioned for a change of custody.
 
 Id.
 
 The circuit court eventually entered an order awarding custody of the children to a maternal aunt and uncle.
 
 Id.
 
 at 356. Five years later the defendant father again unsuccessfully petitioned the court seeking to transfer custody to himself.
 
 Id.
 
 This Court affirmed the cir
 
 *533
 
 cuit court’s denial of the defendant father’s petition.
 
 Id.
 
 at 360.
 

 Notwithstanding the fact that custody did not ultimately remain with the third parties in all these cases, at some stage of the proceedings in each case the circuit court determined that at least for that time awarding custody to the third parties was in the child’s best interests. Though the four decisions are not equally clear concerning how the third parties became involved, two common threads can be gleaned. Critically, none of the third parties had
 
 initiated
 
 the action that resulted in the circuit court’s award of custody to them. This fact comports with what is clearly the threshold requirement of MCL 722.27(1); MSA 25.312(7)(1): that an existing custody dispute is properly before the circuit court. See also,
 
 Bowie, supra; Ruppel, supra; Sirovey, supra.
 
 The second element common to the four examined cases is the fact that the circuit court’s decisions regarding the award of custody were made after
 
 hearings to determine the child's best interests.
 

 m
 

 In this case we must first determine whether there was a child custody dispute properly before the circuit court when defendants were awarded parenting time. Generally, within the Child Custody Act the term “child custody dispute” is broadly interpreted “to mean any action or situation involving the placement of a child.”
 
 Frame v Nehls,
 
 452 Mich 171, 179; 550 NW2d 739 (1996) (recognizing a specifically defined limitation to this broad general usage in subsection 2 of the grandparenting-time provisions of § 7b). When plaintiffs initiated their action seeking to establish Terry’s paternity and to adjudicate the custodial rights
 
 *534
 
 of the parties, a “child custody dispute” arose in the circuit court. Though arguably resolved when the circuit court entered its original order establishing Terry’s paternity and effectuating the parties’ stipulation to Terry’s custody and defendants’ parenting time, this dispute was reopened on plaintiffs’ subsequent motion to amend the order and to terminate parenting time. Therefore, while without standing to initiate a proceeding seeking parenting time, by virtue of plaintiffs’ various actions defendants are parties to a child custody dispute properly before the circuit court.
 
 [7]
 

 Our next inquiry requires us to squarely contemplate the second issue plaintiffs raise in their appeal. Plaintiffs contend that the circuit court erred in granting defendants parenting time without conducting a hearing to determine the child’s best interests. The circuit court’s original order granting parenting time came pursuant to the parties’ stipulation to a parenting time arrangement and, thus, required no best interests evaluation. See
 
 Koron v Melendy,
 
 207 Mich App 188, 192-193; 523 NW2d 870 (1994) (implicit in the court’s acceptance of a stipulation is its determination that the arrangement is in the child’s best interests). However, MCL 722.27(l)(c); MSA
 
 *535
 
 25.312(7)(l)(c) provides that the circuit court may modify or amend its previous orders only for “proper cause shown or because of change of circumstances.” See
 
 Rossow v Aranda,
 
 206 Mich App 456, 457; 522 NW2d 874 (1994). Further, “[t]he court shall not modify or amend its previous judgments or orders . . . unless there is presented clear and convincing evidence that it is in the best interest of the child.” MCL 722.27(l)(c); MSA 25.312(7)(l)(c). Combined with the requirements of MCL 722.27(l)(b); MSA 25.312(7)(l)(b), on which we rely in the instant case for any possibility of a grant of parenting time to defendants, the directive that the child’s best interests be considered when modifying previous orders compels our conclusion that once plaintiffs contested the earlier stipulation, a proper hearing and its correlative findings were necessary to validate the repeated awards of parenting time.
 

 When plaintiffs moved to amend the original order and to terminate parenting time, they pleaded that they had stipulated under duress because defendants would not otherwise return the child. Moreover, plaintiffs asserted that when the child was returned, it was apparent that defendants had provided less then adequate care. Thus, plaintiffs alleged both a proper cause and a change of circumstances in support of their motion. In addition, plaintiffs repeatedly requested that the circuit court conduct an evidentiary hearing to address the child’s best interests. Though the circuit court conducted various hearings in connection with this action, our review of the record indicates that at none of these hearings did the
 
 *536
 
 court evaluate the child’s best interests as outlined in MCL 722.23; MSA 25.312(3).
 
 [8]
 

 Denying plaintiffs’ motion to terminate, and instead slightly modifying the original parenting time arrangement, the court entered its April 6, 1998, order following a hearing that focused only on the issue of standing. Again refusing to hear testimony regarding plaintiffs’ allegations, the court called an early halt to the subsequent June 17, 1998, hearing, a hearing supposedly being conducted for the express purpose of
 
 *537
 
 addressing the allegations and determining the child’s best interests. The term “best interests of the child” is specifically defined in the statute as a conclusion based on the court’s evaluation and determination of enumerated factors. See MCL 722.23; MSA 25.312(3). In the instant case the circuit court failed to consider explicitly these factors, instead making what was surely a well-intentioned, but nonetheless unsupported, conclusion. Without findings concerning the best interests factors, we as an appellate court have insufficient facts to review and are unable to determine whether this case presents an appropriate situation in which to grant parenting time in the absence of standing.
 

 We hold, consequently, that by failing to conduct a hearing to determine the best interests of the child pursuant to the guidelines of MCL 722.23; MSA 25.312(3), the circuit court erred in repeatedly entering orders granting slightly modified parenting time arrangements. Accordingly, we reverse the judgments of the circuit court and remand for proceedings consistent with this opinion.
 
 [9]
 

 Reversed and remanded. We do not retain jurisdiction.
 

 [1]
 

 1996 PA 19 amended the Child Custody Act provisions at issue in this appeal. In part, this amendment included replacing, throughout the act, the term “visitation” with the term “parenting time.” In accord with the current statutory language, in this opinion we refer to “parenting time.”
 

 [2]
 

 The Supreme Court, not the parties, raised for the first time the issue whether this is an “appropriate case” in which to apply MCL 722.27(l)(b); MSA 25.312(7)(l)(b) and grant parenting time. The Supreme Court’s June 22, 1999, remand order reads:
 

 In lieu of granting leave to appeal, the Court of Appeals analysis that MCL 722.26c; MSA 25.312(6c) is limited to third-party actions for custody and does not confer standing upon third parties to seek visitation is affirmed. The result reached by the Court of Appeals however is vacated. In “appropriate cases,” visitation may be awarded to a third party, not based on the third party’s standing to
 
 *526
 
 seek visitation, but on a circuit court’s determination of the child’s best interests. See MCL 722.27(l)(b); MSA 25.312(7)(l)(b);
 
 Bowie v Arder,
 
 441 Mich 23, 48-49 [490 NW2d 568] (1992);
 
 Ruppel v Lesner,
 
 421 Mich 559, 565-566 [364 NW2d 665] (1984);
 
 Sirovey v Campbell,
 
 223 Mich App 59 [565 NW2d 857] (1997). The case is accordingly remanded to the Court of Appeals for consideration of whether this case is such an appropriate case. If the Court of Appeals determines this was such a case, it shall then address the remaining issues raised in that court but not addressed in its opinion. Jurisdiction is not retained. Reported below: 233 Mich App 498. [460 Mich 855.]
 

 [3]
 

 After this Court on April 21, 1998, granted plaintiffs’ application for leave to appeal from the April 6, 1998, order in Docket No. 210862, pursuant to MCR 7.208(A) the circuit court had no jurisdiction to modify its earlier order as it technically did in its July 17, 1998, order. However, this modification had no significant effect on the parties, and no effect at all on the issues plaintiffs raise on appeal. Moreover, given plaintiff Terry’s
 
 *528
 
 continuous refusal to permit parenting time, we have no doubt that regardless of this modification the circuit court would have enforced the ordered parenting time by entering its August 5, 1998, order of civil contempt, from which plaintiffs successfully applied for leave to appeal in Docket No. 213582. Consequently, while we note this jurisdictional misstep on the part of the circuit court, we find that it does not affect our resolution of this appeal.
 

 [4]
 

 See the Supreme Court’s order at 460 Mich 855, quoted in its entirety in footnote 2,
 
 supra
 
 at 525.
 

 [7]
 

 See,
 
 e.g., Deel v Deel,
 
 113 Mich App 556; 317 NW2d 685 (1982) (divorce action—temporary custody with grandmother);
 
 Siwik v Siwik,
 
 89 Mich App 603; 280 NW2d 610
 
 *530
 
 (1979) (original divorce judgment granted custody to grandparents);
 
 Stevens v Stevens,
 
 86 Mich App 258; 273 NW2d 490 (1979) (remand for further findings regarding best interest of the child in custody dispute between a parent and an aunt and uncle);
 
 Bahr v Bahr,
 
 60 Mich App 354; 230 NW2d 430 (1975) (divorce judgment awarded custody to child’s aunt).
 

 [5]
 

 MCL 722.27b; MSA 25.312(7b).
 

 [22]
 

 “While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce),”
 
 Ruppel, supra
 
 at 565-566,
 
 such an award of custody is based not on the third party’s legal right to custody of the child, but on the court’s determination of the child’s best interests.
 
 [Emphasis added.]
 

 [6]
 

 Until 1990 guardians were without standing to seek custody under the Child Custody Act. See 1990 PA 315. Thus, we place no significance on this status in our acknowledgment that this Court’s remand in
 
 Stevens
 
 suggests that the paternal aunt and uncle were third parties to whom the circuit court could appropriately have awarded custody of the child.
 

 [7]
 

 We acknowledge the seeming irony of this situation, in that defendants are only parties to plaintiffs’ actions by virtue of their refusal to return the child to Terry after Lee’s funeral. Our research, however, has revealed no legal bar to such a situation giving rise to the instant posture. Moreover, given the initially unofficial paternity status, and defendants’ apparent initiation of guardianship proceedings following their sister’s death, we cannot say that defendants’ action was an improper attempt to circumvent standing requirements. Therefore, while we withhold specific analysis of the propriety and effect of such action in this or future cases, we recommend that on remand the circuit court consider this circumstance when making the best interests evaluation we herein order.
 

 [8]
 

 This provision of the Child Custody Act reads:
 

 As used in this act, “best interests of the child” means the sum total of the following factors to be considered, evaluated, and determined by the court:
 

 (a) The love, affection, and other emotional ties existing between the parties involved and the child.
 

 (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
 

 (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
 

 (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity
 

 (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
 

 (f) The moral fitness of the parties involved.
 

 (g) The mental and physical health of the parties involved.
 

 (h) The home, school, and community record of the child.
 

 (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.
 

 Q) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.
 

 (k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.
 

 (l) Any other factor considered by the court to be relevant to a particular child custody dispute.
 

 [9]
 

 We strongly recommend that the circuit court immediately conduct a hearing in which it evaluates the best interests of the child. A complete record should be developed in order that this Court may effectively review the court’s decision in the event an appeal is once again taken. In addition, we note that while some of the enumerated best interests factors, see n 8,
 
 supra
 
 at 536, are clearly more pertinent to disputes regarding custody than those regarding parenting time, most are equally applicable. The court should consider those factors it finds relevant to this situation and should freely exercise its discretion pursuant to factor 1 in evaluating the activity that may have occurred since these parties were last before the court.