# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

        Plaintiff,

v

ANNETTE BIRMINGHAM,

        Defendant-Appellee,

and

DAVID ARNOLD,

        Other Party-Appellee,

and

MARY DEEGAN and MICHAEL DEEGAN,

        Other Parties-Appellants.

UNPUBLISHED
May 30, 2017

No. 336553
Oakland Circuit Court
LC No. 2014-819042-DS

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Other parties, Mary Deegan and Michael Deegan (collectively "the Deegans"), appeal as of right an order granting summary disposition in favor of defendant Annette Birmingham and other party David Arnold (collectively "the parents"), and dismissing the Deegans' request to intervene as third parties to a pending child support action and petition for full legal and physical custody of minor child ARB, over whom the Deegans act as custodians at the request of the parents. The trial court entered the order after finding that the Deegans' motion to intervene, in substance, represented a petition to initiate custody proceedings and the Deegans, as third parties, did not have standing to file under the relevant statutes. We affirm.

This case arose from a 2014 child support proceeding brought by the Department of Health and Human Services ("DHHS"), requesting an order directing Birmingham to make monthly support payments to Michael, ARB's acting custodian. At the time of the action, ARB

-1-

had resided with Michael and his wife Mary since 2010, when Birmingham, abandoned by Arnold and unable to care for the minor child on her own, asked the Deegans to provide care for her daughter. Birmingham provided the Deegans with a limited power of attorney in 2011, and in 2014, the child support action initiated by the DHHS resulted in a default judgment of support designating Michael as the "custodian" and recipient of monthly child support payments.

Sometime after the support order entered, the Deegans became aware that Arnold, who had left Birmingham and ARB when ARB was two years old, had returned to rekindle his romantic relationship with Birmingham and was requesting parenting time with his daughter. This prompted the Deegans to fear that their status as ARB's caregivers was in jeopardy. The Deegans believed that a return of custody to the parents, especially Arnold, who had a record of domestic violence, discharge from the Army for striking an officer, a diagnosis of posttraumatic stress disorder, homelessness, and a suicide attempt, would place ARB in serious danger. In the fall of 2016, the Deegans filed a motion to intervene under MCR 2.209 as third parties to the existing child support proceeding, asking the court to add Arnold as a party to the proceedings and grant the Deegans full legal and physical custody of ARB. The parents responded with a motion for summary disposition characterizing the Deegans' motion to intervene as a "thinly veiled motion for custody of a minor child," and arguing that the Deegans lacked standing to petition for custody of ARB. The Deegans replied by conceding that they lacked legal standing to initiate a custody proceeding but arguing that the trial court had the authority to continue custody in Michael, who had been recognized as having custody when he was named "custodian" in the 2014 default judgment. Because the trial court had jurisdiction over ARB, argued the Deegans, it could award the Deegans custody in the minor child's best interests.

The trial court considered the parties' arguments without holding a hearing, and granted the parents' motion for summary disposition with a written opinion and order, explaining:

> The court agrees with the position of Defendant Parents that Proposed Intervenors motion to intervene in effect is a petition for custody . . . . Proposed Intervenors concede that they lack legal standing to initiate a lawsuit over custody of the minor child but contend that custody has been before this court since entry of the Default Judgment of Support. However, custody was not awarded or determined by the Default Judgment of Support. Rather, the language of the Judgment acknowledged that Proposed Intervenor Michael Deegan was caring for the minor child and that Defendant Mother should pay child support to Proposed Intervenors while the minor child was in their care. The court finds that Proposed Intervenors lack the capacity to sue.

On appeal, the Deegans argue that the trial court erred in granting the parents' motion for summary disposition on the basis that the Deegans, as uninterested third parties, lacked standing to initiate a custody proceeding under the relevant statutes. We disagree.

We review a trial court's decision on a motion for summary disposition de novo. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Although the parents here did not specifically refer to MCR 2.116(C)(5) in their motion for summary disposition, their motion was premised on the Deegans' lack of standing and we find that, in substance if not form, the parents' motion was brought pursuant to that rule. MCR 2.116(C)(5)

provides for summary disposition when "[t]he party asserting the claim lacks the legal capacity to sue," and applies in cases involving alleged lack of standing, *Aichele v Hodge*, 259 Mich App 146, 165; 673 NW2d 452 (2003). "In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Jones v Slick*, 242 Mich App 715, 718; 619 NW2d 733 (2000). "Ordinarily, questions of law, including statutory interpretation and the issue of a party's standing, are also reviewed de novo." *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 216; 880 NW2d 793 (2015).

## I.  THIRD PARTY STANDING AND MCL 722.27(1)

The Deegans properly concede that, as third parties, they lack legal standing to initiate a child custody dispute. However, they assert that the lower court, as an arbiter of equity, has the power to grant them standing as persons interested in the subject matter of a proceeding, here ARB. Their assertions are contrary to clearly established law. As this Court explained in *In re Anjoski*, 283 Mich App 41, 50-51; 770 NW2d 1 (2009):

> Generally, a party has standing if it has "some real interest in the cause of action, . . . or interest in the subject matter of the controversy." However, this concept is not given such a broad application in the context of child custody disputes involving third parties, or "any individual other than a parent[.]" For example, *a third party does not have standing by virtue of the fact that he or she resides with the child and has a "personal stake" in the outcome of the litigation.* [*Id.* (citations omitted; emphasis added).]

The Deegans, who acknowledge that the Child Custody Act, MCL 722.21 *et seq.*, controls the issues in this case, should remain mindful that "[a]lthough courts undoubtedly possess equitable power . . . [a] court's equitable power is not an unrestricted license for the court to engage in wholesale policymaking," and equity may not "trump an unambiguous and constitutionally valid statutory enactment." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590-591; 702 NW2d 539 (2005).

Aside from their equitable arguments, the Deegans contend that the trial court erred when it granted the parents' motion for summary disposition under MCR 2.116(C)(5) for lack of standing because the issue of standing was simply not relevant under MCL 722.27(1)(a), which, according to the Deegans, grants the trial court authority to consider whether the best interests of a minor child support a custody award to a third party regardless of standing. The Deegans are correct that under MCL 722.27(1)(a), the trial court has the authority to consider whether placement with third parties is in the best interests of a minor child. The Deegans, however, misinterpret the plain language of the statute. MCL 722.27(1)(a) provides:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

(a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age.

MCL 722.27(1)(a) clearly allows the trial court to consider whether custody of a third party would be in the best interests of a child *after* a child custody dispute has been submitted to the court as an original action or has arisen as an incident to another action in the circuit court. It does not, as the Deegans suggest, grant the circuit court authority to take up the best interests determination at its whim, or at the request of a party otherwise without standing to initiate child custody proceedings. Our Supreme Court has made clear that "a third party cannot create a custody dispute by simply filing a complaint in circuit court alleging that giving legal custody to the third party is in the best interests of the child." *Bowie v Arder*, 441 Mich 23, 48-49; 490 NW2d 568 (1992). Rather, MCL 722.27(1) contains a threshold requirement that an existing custody dispute is properly before the circuit court. *Terry v Affum (On Remand)*, 237 Mich App 522, 533; 603 NW2d 788 (1999). Indeed, in each of the cases cited by the Deegans in support of their argument that MCL 722.27(1)(a) controls in this instance, third parties were only allowed to request custody incident to a pending custody proceeding. See *Heltzel v Heltzel*, 248 Mich App 1, 29; 638 NW2d 123 (2001) (noting that the case was distinguishable from cases where a third party initiated an original custody proceeding against the minor's parents because "the instant custody dispute stemmed from a circuit court order during a divorce proceeding"); *Terry*, 237 Mich App at 533-535 (refusing to consider the propriety of an award of parenting time to third parties without first determining "whether there was a child custody dispute properly before the circuit court when [the third parties] were awarded parenting time").

Thus, the Deegans' argument that "standing is irrelevant" is only half true. As this Court has explained:

Our Supreme Court specifically has recognized that while generally no authority permits a nonparent to create a child custody dispute by simply filing a complaint in the circuit court alleging that giving custody to the third party is in the best interests of the child, custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce) . . . . [A] circuit court award of custody to a third party during a divorce proceeding is based not on the third party's legal right to custody of the child, but on the court's determination of the child's best interests. [*Heltzel*, 248 Mich App at 29-30.] (internal quotations omitted)

The above-cited statutes and cases make clear that while a third party may be considered, regardless of legal standing, in the custody determination of a trial court *already engaged in such a determination*, no party, including an interested third party, may bring an action to initiate a child custody dispute without possessing legal standing. The applicability of MCL 722.27(1)(a) to the Deegans' case therefore turns on whether the lower court proceeding constituted an ongoing custody dispute.

## II. SUPPORT CASE WAS NOT A PENDING CUSTODY DISPUTE

The dispositive issue on appeal is whether a custody dispute was pending before the lower court at the time the Deegans filed their motion to intervene as third parties and requested a custody determination in their favor. Indeed, both parties acknowledge that the answer to this question directs the ultimate issue of standing. The Deegans argue that the pending child support case, filed by the DHHS against Birmingham in 2014, constituted a preexisting child custody dispute because the court entered a default judgment in the case and, according to the Deegans, "made an actual custody award" when it employed the following language: "MICHAEL DAVID DEEGAN is the custodian of, and ANNETTE IRENE BIRMINGHAM is the mother of and owes a duty of support to: [ARB][.]" The Deegans maintain that the trial court's reference to Michael as ARB's "custodian" constituted an award of custody and, thereafter, the court possessed jurisdiction over the minor child to make decisions regarding her care and custody. However, the Deegans' argument is indefensible.

The child support case here cannot be properly characterized as a custody dispute. We note for the parties that it is not the parents' argument regarding case codes that is persuasive. While the lower court file is designated "DS," the case classification code employed in child support cases, rather than "DC," the code employed in custody cases, MCR 8.117, this Court has made clear that the form of a case caption is "not particularly significant." *Howard v Bouwman*, 251 Mich App 136, 146; 650 NW2d 114 (2002). Rather, it is the relief requested that controls, and here the relief requested is dispositive. "[W]ithin the Child Custody Act the term 'child custody dispute' is broadly interpreted 'to mean any action or situation involving the placement of a child.'" *Terry*, 237 Mich App at 533 (citations omitted). The lower court proceeding, a request for entry of a child support order, was initiated by the DHHS against Birmingham because the DHHS was providing assistance to ARB while she was in the Deegans' care. No issues of custody or placement were raised in the complaint, or addressed before the lower court's entry of the default judgment of support. Notably, the 2014 default judgment designating Michael as ARB's custodian explicitly withheld judgment on issues relating to custody and parenting time.

Contrary to the Deegans' assertion, Michael's designation as ARB's "custodian" in the 2014 default judgment was a matter of classification for purposes of distributing child support funds, and not an award or continuation of custody. An individual need not have legal custody of a minor child to receive child support payments on the minor child's behalf, see MCL 552.605d(4) (stating that "[t]he office of the friend of the court may consider the person who is providing the actual care, support, and maintenance of a child for whom support is ordered as the recipient of support for the child and may redirect support paid for that child to that recipient of support," without limiting receipt of support to persons with court-ordered custody), and the Deegans have cited no authority for the proposition that a trial court may award custody to a third party through a default judgment of support and without holding a hearing on the matter. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims[.]" *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (quotations and citations omitted). In truth, the Deegans never had court sanctioned legal or physical custody of the minor child, a fact they explicitly acknowledge. The Deegans conceded in the lower court, as they have on appeal, "that the whole point of seeking intervention is to *gain* custodial rights over the minor child." Had the default judgment imbued

custody of ARB onto Michael, such an intervention would not have been necessary, and the Deegans cannot now argue that a custody case was pending *before* they filed their motion to intervene. "An issue conceded by a party below may not be treated by this Court as open for review." *Kast v Citizens Mut Ins Co*, 125 Mich App 309, 313; 336 NW2d 18 (1983). The child support proceeding was not a custody proceeding, and no custody dispute was pending before the lower court when the Deegans filed their motion to intervene. The Deegans' motion can therefore only be characterized as a motion to initiate custody proceedings.

### III. TRIAL COURT DID NOT ERR WHEN IT GRANTED SUMMARY DISPOSITION PURSUANT TO MCR 2.116(C)(5) FOR LACK OF STANDING

As previously discussed, the Deegans' request for custody as third parties without legal standing could only have been appropriate if it arose within the context of a pending custody dispute, and here it did not. The trial court therefore did not err when it limited its determination on the parents' motion for summary disposition to the applicability of MCL 722.26b and 722.26c(1)(b), the only two statutes through which the Legislature has conferred standing on third parties to *initiate* a child custody proceeding. *Anjoski*, 283 Mich App at 51. Neither did the trial court err when it concluded that the Deegans failed to meet the requirements for standing under either statute. The first, MCL 722.26b, allows guardians and limited guardians to bring an action for custody of a minor child in certain situations. In pertinent part, it provides:

> (1) Except as otherwise provided in subsection (2), a guardian or limited guardian of a child has standing to bring an action for custody of the child as provided in this act.

> (2) A limited guardian of a child does not have standing to bring an action for custody of the child if the parent or parents of the child have substantially complied with a limited guardianship placement plan regarding the child . . . .

A third party may also obtain standing under MCL 722.26c(1)(b), if he or she meets all of the following conditions:

> (*i*) The child's biological parents have never been married to one another.

> (*ii*) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

> (*iii*) The third person is related to the child within the fifth degree by marriage, blood, or adoption.

These provisions do not apply here. Neither of the Deegans obtained guardianship or limited guardianship of ARB, and MCL 722.26b therefore does not confer standing to initiate a custody dispute. Additionally, although the parents were never married and the Deegans are related to ARB as her great-aunt and great-uncle, neither of ARB's parents are dead or missing so that the Deegans also fail to meet the conditions for standing under MCL 722.26c(1)(b). "If a third party does not fit within one of the two statutory standing requirements, the third party lacks standing to create a custody dispute." *Anjoski*, 283 Mich App at 52. Because the Deegans met none of the statutory standing requirements, and neither the child's residence with the Deegans nor the

-6-

Deegans' limited power of attorney were sufficient to create standing, the trial court properly concluded that the Deegans lacked standing to file a petition for custody and granted the parents' motion for summary disposition pursuant to MCR 2.116(C)(5).

Further, contrary to the Deegans' assertion on appeal, the trial court was not required to conduct a trial on the "factual issues" under MCR 2.116(I) before granting the parents' motion for summary disposition. Although MCR 2.116(I) provides that a court "may" order a trial to resolve disputed material facts before granting a motion for summary disposition, the statute is clearly permissive in this regard. *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003) ("As a general rule, the word 'may' will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in such a sense" [citations omitted]). And, the Deegans failed to allege any disputed facts that might overcome their lack of standing. MCR 2.116(I) also commands that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court *shall* render judgment without delay." (Emphasis added.) The trial court therefore did not err when it granted the motion for summary disposition without holding a trial.

## IV. MOTION FOR SUMMARY DISPOSITION WAS NOT AN IMPROPER VEHICLE

The Deegans next contend that the trial court was obligated to dismiss the parents' motion for summary disposition because, regardless of its merits, the parents' motion for summary disposition was not a legally appropriate response to the Deegans' motion to intervene. The Deegans' argument lacks merit. They are correct that a motion for summary disposition, under any subrule, must be sought on a "claim" under MCR 2.116(B)(1), which allows a party to "move for dismissal or judgment on all or part of a *claim*." (Emphasis added.) However, they continue their reasoning with the specious contention that "[a] claim is something that can only be raised in a pleading [under] MCR 2.111(B)." MCR 2.111(B) provides:

> (B) Statement of Claim. A complaint, counterclaim, cross-claim, or third-party complaint must contain the following:
>
> (1) A statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend; and
>
> (2) A demand for judgment for the relief that the pleader seeks . . . .

While MCR 2.111(B) requires that a pleading contain a "demand for judgment for the relief that the pleader seeks," it contains no requirement, overt or implied, that a claim may only be raised in a pleading. And, the form of the Deegans' "motion" belies their attempt to characterize it as something other than a third-party complaint. In addition to stating their grounds for intervention, the Deegans included a request for relief in the form of, among other things, an "[o]rder that the intervenors be awarded sole legal and physical custody of [ARB][.]" This is clearly a claim on which summary disposition might be granted. Regardless, the Deegans' motion to intervene was properly considered. Even "a party moving to intervene in litigation . . .

must demonstrate that the party has standing to assert his or her claims." *Anjoski*, 283 Mich App at 52 n 4, citing *Karrip v Cannon Twp*, 115 Mich App 726, 732; 321 NW2d 690 (1982).

Because the trial court properly granted the parents' motion for summary disposition for the reasons stated above, it is unnecessary for this Court to address the Deegans' remaining claims of error.

## V. ATTORNEY FEES

The parents argue that the trial court erred when it declined to grant them attorney fees. However, this issue is not properly before this Court because it was raised in a responsive brief, rather than as an issue in a brief as cross-appellants. See *In re Estate of Herbach*, 230 Mich App 276, 284; 583 NW2d 541 (1998) (while an appellee may raise alternative grounds for affirmance without filing a cross-appeal, he may not seek a decision more favorable than that rendered by the trial court without raising those issues in a cross-appeal). The parents also argue that they are entitled to attorney fees due to the "vexatious" nature of this appeal. Although MCR 7.216(C) provides for attorney fees in cases of vexatious appeals, MCR 7.211(C)(8) clearly states:

> A party's request for damages or other disciplinary action under MCR 7.216(C) must be contained in a motion filed under this rule. A request that is contained in any other pleading, including a brief filed under MCR 7.212, will not constitute a motion under this rule. A party may file a motion for damages or other disciplinary action under MCR 7.216(C) at any time within 21 days after the date of the order or opinion that disposes of the matter that is asserted to have been vexatious.

Should the parents wish to request attorney fees in relation to this appeal, they must do so in a properly filed motion within 21 days of the opinion disposing of this appeal.

Affirmed.

/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood