GREW v KNOX

Docket No. 258339. Submitted February 10, 2005, at Detroit. Decided February 24, 2005, at 9:10 a.m.

Olivia Grew brought an action in the Monroe Circuit Court in 1994 seeking child support from Larry Knox III. Eventually, the parties were given joint legal custody of the child, with the plaintiff retaining physical custody. The plaintiff moved to Traverse City in July 2004, and the defendant filed an ex parte motion to obtain temporary custody. The court, John A. Hohman, Jr., J., concluded that MCL 722.31 governed the plaintiff's request for a change of the child's legal residence and that an evidentiary hearing on that issue was necessary before it could consider the custody issue. Following an evidentiary hearing on the plaintiff's motion for a change of the child's legal residence, the court denied the motion. Without holding a hearing on the defendant's custody motion, the court granted the defendant temporary physical custody of the child for as long as the plaintiff continued to live in Grand Traverse County. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion in awarding temporary physical custody of the child to the defendant without conducting a evidentiary hearing or making findings of fact concerning the child's best interests. Although the hearing on the plaintiff's motion under MCL 722.31 for a change of the child's legal residence took the child's interests into consideration, the best interest factors of MCL 722.23 were not the primary focus of the hearing. Moreover, while the plaintiff had the burden of proof regarding the change of the child's legal residence under MCL 722.31, the burden would have been on the defendant to prove by clear and convincing evidence that the change of custody was in the child's best interests, MCL 722.27(1)(c). The trial court's determination that a change of the child's legal residence was not warranted, coupled with the plaintiff's intention to remain in Traverse City, necessitated a review of the custody situation, with an analysis of the best interest factors before changes were made to custody.

2. The trial court did not err in applying MCL 722.31 to a custody order that was issued before the statute was enacted. MCL 722.31 unambiguously applies to all cases in which a parent wishes to change the legal residence of a child whose custody is governed by court order. Moreover, the plaintiff's cause of action in this case did not actually accrue until she requested a change of the child's legal residence, which occurred after MCL 722.31 was enacted.

3. The trial court did not abuse its discretion in denying the plaintiff's request for a change of the child's legal residence. The trial court properly reviewed all the required factors and maintained the child as the primary focus in its deliberations, determining that relocation of the child's residence primarily served to benefit the plaintiff, and would have a negative effect on the child in terms of his involvement with the defendant.

Affirmed in part; custody order vacated and case remanded for evidentiary hearing.

SAAD, J., concurred in the result only.

PARENT AND CHILD — CUSTODY — CHANGES IN CHILD'S LEGAL RESIDENCE.

A determination on a motion for a change in a child's legal residence under MCL 722.31 does not permit a change in custody of the child without a determination that the change in custody is in the child's best interests as required by MCL 722.23 and 722.27.

*Ready, Sullivan & Ready, LLP* (by *Christina D. Hills*), for the plaintiff.

*Jeffery A. Yorkey* for the defendant.

Before: KELLY, P.J., and SAAD and SMOLENSKI, JJ.

SMOLENSKI, J. Plaintiff appeals as of right the order denying plaintiff's request for a change of legal residence of the parties' minor child and awarding defendant temporary physical custody of the child. We affirm in part, vacate in part, and remand for a hearing on the custody issue.

Plaintiff and defendant, who were both residents of Monroe County, have a minor child together. Several months after the child was born, plaintiff sued defendant for support and both parties agreed to the entry of

a judgment awarding custody to plaintiff and granting defendant visitation rights. In 1998, defendant was awarded joint legal custody and given a specific parenting schedule, but physical custody remained with plaintiff. According to plaintiff, defendant has actually had approximately equal parenting time since the order took effect.

In July of 2004, plaintiff decided to move to Traverse City to live with family. In response, defendant filed an ex parte motion to obtain temporary custody of their child. On August 25, 2004, the trial court held an expedited hearing to consider defendant's motion and concluded that MCL 722.31 governed plaintiff's request for a change in her domicile and the child's legal residence. Because of this, the trial court determined that it needed to hold an evidentiary hearing to determine whether plaintiff could move to Traverse City before it could properly consider the custody issue. However, because the school year was about to begin, the trial court permitted the child to stay with defendant until the date of the evidentiary hearing. At a pretrial conference held on August 30, 2004, the trial court set aside time on September 2, 2004, to hold hearings regarding plaintiff's request to move and defendant's request for custody. The trial court stated that the first half of the time would be dedicated to a hearing regarding plaintiff's motion for a change of legal residence and the second half of the allocated time would be dedicated to a hearing regarding defendant's motion for a change in custody. However, the trial court stated that the hearing on defendant's motion for a change in custody would not be necessary if the court determined that plaintiff had failed to meet the burden of proof required by MCL 722.31.

On September 2, 2004, the trial court held an evidentiary hearing on plaintiff's request for a change of legal

residence and found that plaintiff had not met her burden under MCL 722.31, and, consequently, denied her motion. Because plaintiff was not granted her motion, the trial court did not hold a hearing on defendant's motion for a change of custody. However, despite the lack of a custody hearing, the trial court granted temporary physical custody to defendant for as long as plaintiff continued to live in Grand Traverse County. Plaintiff appealed that order as of right.

Plaintiff first contends that the trial court erred in awarding temporary physical custody of the child to defendant without conducting an evidentiary hearing or making findings of fact pursuant to MCL 722.23 and 722.27. We agree. An abuse of discretion standard is applicable to discretionary trial court rulings such as custody decisions, and questions of law are reviewed by this Court for clear legal error. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003); MCL 722.28.

An evidentiary hearing is mandated before custody can be modified, even on a temporary basis. *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999); MCR 3.210(C). A trial court shall not modify or amend its previous judgments or orders or issue a new order unless there is clear and convincing evidence that it is in the best interests of the child. MCL 722.27(1)(c); *Hawkins v Murphy*, 222 Mich App 664, 674; 565 NW2d 674 (1997) ("The best interest of the child is the overriding concern of any custody determination."). These findings are properly made at an evidentiary hearing held for that purpose. See *Terry v Affum (On Remand)*, 237 Mich App 522, 535; 603 NW2d 788 (1999) ("[T]he directive that the child's best interests be considered when modifying previous orders compels our conclusion that . . . a proper hearing and its correlative findings were necessary . . . .").

In the present case, the trial court altered the parties' custody arrangements after conducting an evidentiary hearing on plaintiff's motion for a change of legal residence. Although a hearing under MCL 722.31 does take into consideration the child's interests, see MCL 722.31(4), the child's best interests as delineated by MCL 722.23 are not the primary focus of the hearing. Likewise, had the court held a hearing regarding defendant's motion for a change of custody, the burden would have been on defendant to prove by clear and convincing evidence that the change was in the child's best interests, MCL 722.27(1)(c), rather than on plaintiff, as was the case in the hearing under plaintiff's motion for a change of legal residence. Yet once the trial court determined that plaintiff had not met her burden under MCL 722.31, the trial court ended the hearing and awarded temporary custody to defendant without hearing testimony regarding whether a change in custody was in the child's best interests or making findings regarding the child's best interests. A trial court should not temporarily change custody by a postjudgment interim order when it could not do so by a final order changing custody. *Mann v Mann*, 190 Mich App 526; 529-530; 476 NW2d 439 (1991). Whether a court is establishing custody in an original matter, or altering a prior custody order, the requirement is the same: "specific findings of fact regarding each of twelve factors that are to be taken into account in determining the best interests of the child" must be made. *McCain v McCain*, 229 Mich App 123, 124; 580 NW2d 485 (1998); MCL 722.23 and 722.27. The court's determination that a change of the child's legal residence was not warranted, coupled with plaintiff's intention to remain in Traverse City, necessitated a review of the current custody situation, and the trial court should have analyzed the best interest factors under MCL 722.23

and 722.27 before making any changes to custody.[1] *Brown v Loveman,* 260 Mich App 576, 590-591; 680 NW2d 432 (2004) (holding that once the trial court made a decision regarding a "change of domicile," which necessarily affected the custody arrangement, the trial court had to consider the best interest factors before permitting the change). Consequently, the trial court abused its discretion when it awarded temporary custody to defendant after a hearing on change of legal residence without finding that it was in the child's best interests.

Plaintiff next contends that the trial court erred in applying MCL 722.31 to her custody order because the statute was enacted after the issuance of the order. We disagree. An issue of statutory interpretation involves a question of law that is reviewed de novo by this Court. *Brown, supra* at 582.

By its language, MCL 722.31 specifically applies to all cases in which a parent wishes to change the legal residence of a child "whose custody is governed by court order . . . ." MCL 722.31(1). There is no language in the statute restricting its application to requests for a change in legal residence arising out of custody orders entered subsequent to the enactment of the statute.

---

[1] Defendant asserts that a trial court may properly alter the custody arrangements pursuant to a denial of a motion to change the child's legal residence if the relocating party has actually moved despite the trial court's order to the contrary. In support of this proposition, defendant cites *Dick v Dick,* 147 Mich App 513; 383 NW2d 240 (1985). However, we find no support for this contention in *Dick.* Although the minor children involved in the disputed move in *Dick* were living with their father at the time of the case, and their mother had already moved to Colorado, the Court did not explicitly deal with the issue of custody, but only addressed the question whether the trial court erred in denying the mother's petition to move the children to Colorado. Furthermore, there was no indication that the actual custody arrangements had been altered by the trial court.

"Where the Legislature has unambiguously conveyed its intent in a statute, our role is to apply the terms of the statute to the circumstances in a particular case, not to impose different policy choices than those selected by the Legislature." *DeVormer v DeVormer*, 240 Mich App 601, 608; 618 NW2d 39 (2000). With MCL 722.31, the Legislature has adopted a policy limiting the ability of a parent to unilaterally alter the legal residence of a child under a current custody order and established the mechanism by which courts are to evaluate petitions to change the legal residence of such children. Furthermore, although a law cannot be applied retroactively if it abrogates or impairs vested rights or creates new obligations, or attaches new disabilities regarding transactions or considerations that have already occurred, *People v Jackson*, 465 Mich 390, 401; 633 NW2d 825 (2001), a cause of action only becomes a vested right when it accrues and all the facts become operative and known. *Tobin v Providence Hosp*, 244 Mich App 626, 663; 624 NW2d 548 (2001). Consequently, plaintiff's action did not actually accrue until after the enactment of MCL 722.31, when she requested a change of the child's legal residence to Traverse City; therefore, MCL 722.31 was properly applicable to her request for a change of legal residence. Accordingly, the trial court did not err in evaluating plaintiff's request for a change of legal residence pursuant to MCL 722.31.

Finally, plaintiff contends that the trial court erred in denying her request for a change of legal residence. We disagree. A trial court's determination on a request for a change of legal residence for a minor child is reviewed by this Court for an abuse of discretion and the trial court's findings are reviewed under the great weight of the evidence standard. *Brown, supra* at 600. "An abuse of discretion is found only in extreme cases in which the result is so palpably and grossly violative of fact and

logic that it evidences a perversity of will or the exercise of passion or bias." *Phillips v Jordan*, 241 Mich App 17, 29; 614 NW2d 183 (2000).

The trial court properly reviewed all the factors required and maintained "the child as the primary focus in the court's deliberations . . . ." MCL 722.31(4). The trial court determined that MCL 722.31(4)(b), (d), and (e) were not implicated by the facts of the case. Specifically, neither party alleged domestic violence and the parties acknowledged that each had taken full advantage of their parenting time with the child. The trial court also determined that neither party was motivated by a desire to frustrate the other parent's parenting schedule or to gain a financial advantage with regard to child support. Therefore, the trial court focused the majority of its attention on MCL 722.31(4)(a) and (c).

While the trial court heard testimony concerning the benefits of relocation to the child, the court noted that the move primarily served to improve plaintiff's life. The trial court recognized that the child might incidentally benefit from plaintiff's greater contentment at being closer to her family, but that benefit did not outweigh the costs to be incurred by the disruption of the move and the necessary limitation of defendant's involvement in the child's daily life and activities. While plaintiff's new employment offered her flexibility, it benefited mostly the child's infant sister, who would not require daycare when plaintiff was working. In addition, plaintiff's employment situation actually required more hours of work for less financial compensation.

Plaintiff contends that the trial court's decision did not properly consider the benefits of the move, but was based primarily on the costs that would be incurred in traveling. While a justice of the Michigan Supreme

Court has stated that " 'it is imperative that a court consider the feasibility of this plan from a practical and financial viewpoint,' " and that " 'the court should . . . consider the age of the child . . . for judging the feasibility of travel and analyze what financial constraints would be placed on the parents,' " *Brown, supra* at 605, quoting *Constantini v Constantini,* 446 Mich 870, 873-874 (statement of RILEY, J.), a review of the lower court record demonstrates that this was not the only or predominant consideration by the court in making its ruling. The trial court noted the amount of time that would be required in transporting the minor child would be difficult, but actually focused on the negative effect to the child of not having defendant involved in his life on an almost daily basis. Hence, MCL 722.31(4)(c) was the determinative factor in the court's ruling. While the court expressed its belief that, on the basis of their prior history, the parties would attempt to implement and comply with any parenting schedule ordered by the court, it nevertheless determined that a modification of the parenting schedule restructuring the amount and quality of interaction between defendant and the child would not "provide an adequate basis for preserving and fostering the parental relationship between the child and . . . parent . . . ." MCL 722.31(4)(c). When viewed in the context of the court's determination that the relocation of the child's legal residence served primarily to improve the life of plaintiff, but had little positive effect on the life of the child, the trial court's findings do not appear to be against the great weight of the evidence. Likewise, the trial court properly considered all the factors mandated under MCL 722.31(4). Therefore, the trial court's decision to deny plaintiff's motion was not an abuse of discretion.

We affirm the trial court's denial of plaintiff's change of domicile request under MCL 722.31, vacate that

portion of the order granting temporary custody to defendant, and remand the case to the trial court for an evidentiary hearing on the change of custody. We do not retain jurisdiction.

KELLY, P.J., concurred.

SAAD, J. I concur in the result only.