*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHERINE LYNN MCCOURY,

Plaintiff-Appellee,

v

JOSHUA STEVEN MCCOURY,

Defendant-Appellant.

UNPUBLISHED
March 23, 2023

No. 362045
Oakland Circuit Court
Family Division
LC No. 2015-829222-DM

Before: RICK, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

In this custody and parenting-time dispute, the trial court adopted a Friend of the Court (FOC) referee's recommendations and findings granting plaintiff's motion to change custody and parenting time. Defendant appeals as of right. Although we find no error in the trial court's determination that there was proper cause or a change of circumstances to reconsider the parties' custody arrangement, the trial court erred by not holding an evidentiary hearing before substantially reducing defendant's parenting time in November 2020, long before it expressly granted plaintiff's custody motion following the procedures required by MCL 722.27(1)(c). This error tainted the balance of the proceedings, including the trial court's assessment of the children's established custodial environment and the corresponding burden of proof applied to plaintiff's motion. Because these errors were not harmless, we vacate the trial court's opinion and order granting plaintiff's motion and remand for further proceedings.

## I. BACKGROUND

When the parties divorced in 2015, they agreed to share joint legal and physical custody of their two children, MM and AM, and established an equal parenting-time schedule. Since that time, plaintiff has sought a change in custody and parenting time on several occasions. The instant appeal stems from plaintiff's renewed efforts to modify custody and parenting time in fall 2020 on the basis of allegations that defendant physically abused the children, which were being investigated by Children's Protective Services (CPS). In addition to a motion to change custody, plaintiff also filed an ex parte motion to suspend defendant' parenting time. On November 25, 2020, the trial court entered an order temporarily reducing defendant's parenting time to four-hour

sessions, twice a week, supervised by the paternal grandparents or Impact Services, and referred plaintiff's motion for a full hearing.

Two evidentiary hearings were held in January and February 2021. A number of matters were explored during these hearings, but much of the evidence concerned the abuse allegations arising from defendant's use of corporal punishments and other instances in which defendant exhibited violence or aggressive behavior. CPS substantiated one of the complaints that triggered plaintiff's 2020 motion, and defendant was referred for services. A CPS worker confirmed that defendant successfully complied with Families First services, and an employee of the Families First program confidently opined that defendant benefited from the program. At the end of the February 2021 hearing, the parties agreed to adjourn the matter to appoint a guardian ad litem and allow the guardian ad litem to make recommendations that might obviate the need for a continued hearing. Thus, in March 2021, the trial court appointed Melinda Deel as guardian ad litem. The court also granted defendant unsupervised parenting time, again in four-hour sessions, twice a week.

Deel investigated the matter and issued a report recommending that the court consider changing custody and order defendant to participate in therapeutic services with the children. The parties then stipulated to entry of an order continuing defendant's unsupervised parenting time and referring defendant and the children to Jordana Wolfson for therapy. In October 2021, plaintiff moved for temporary legal and physical custody of the children, as well as reduction of defendant's parenting time. Plaintiff cited problems that occurred during defendant's parenting time and the fact that Wolfson had recently discontinued her services after defendant lost his temper, causing Wolfson to feel so intimidated that she threatened to call the police. Less than two weeks later, plaintiff again moved for temporary legal custody, physical custody, and suspension of defendant's parenting time, alleging additional problems during defendant's parenting time, one of which led to a new CPS investigation. On November 3, 2021, the trial court ordered the children to resume their individual therapies and defendant to engage in individual therapy and anger management therapy. Defendant's parenting time was suspended until the foregoing treatments resumed or began, but defendant could move for supervised parenting time upon enrollment and successful engagement in therapy.

After the FOC evidentiary hearing regarding plaintiff's original motion concluded in January 2022, the referee recommended granting plaintiff sole legal custody, sole physical custody, and continued suspension of defendant's parenting time until the children's individual therapists determined that it was in their best interests to begin reunification therapy again. Defendant objected to the referee's recommendation and findings on several grounds. In an opinion and order issued on June 14, 2022, the trial court overruled most of defendant's objections and adopted the referee's recommendation, subject to a modification regarding review of defendant's parenting time, which the trial court ordered occur in 90 days.

## II. CUSTODY MODIFICATION THRESHOLD

On appeal, defendant first argues that the trial court erred by reconsidering the parties' custody arrangement because plaintiff failed to establish proper cause or a change of circumstances to warrant a review. We disagree.[1]

"As set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The trial court may not "revisit an existing custody decision and engage in a reconsideration of the statutory best-interest factors" unless the moving party demonstrates proper cause or a change of circumstance by a preponderance of the evidence. *Pennington v Pennington*, 329 Mich App 562, 571; 944 NW2d 131 (2019). This Court's opinion in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), articulates the threshold requirements a party seeking a change of custody must satisfy:

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.
>
> * * *
>
> . . . [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Id*. at 512-514.]

---

[1] "Under the Child Custody Act, MCL 722.21 *et seq*., 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting MCL 722.28. This Court will defer to the trial court's finding regarding the existence of proper cause or a change of circumstances "unless the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019) (quotation marks and citation omitted).

Defendant argues on appeal that the trial court erred by finding proper cause or a change of circumstances because that finding was premised on the fall 2020 CPS complaints, only one of which was substantiated. Defendant reasons that the single event at issue in the substantiated complaint—MM having sustained a bruise on her forearm—would not have a significant effect on her wellbeing so as to constitute proper cause or a change of circumstances. We disagree.

In *Shann v Shann*, 293 Mich App 302, 304; 809 NW2d 435 (2011), the defendant was granted sole physical custody of the parties' son in their divorce proceedings. The defendant remarried, resulting in a blended family consisting of the defendant, her husband, her son, and her husband's five daughters. *Id*. The plaintiff moved for a change of custody after the defendant's husband was accused of sexual abuse by his eldest daughter. *Id*. at 303. The evidence before the trial court indicated that CPS removed the children from the home, but the CPS case and related criminal charges were dismissed after the daughter recanted her sexual abuse claim. *Id*. at 304. The defendant argued that the actions taken by CPS did not constitute a sufficient basis for finding proper cause or a change of circumstances, particularly when the CPS case had been dismissed, because the unfounded CPS action did not constitute grounds for revisiting custody. *Id*. at 306. This Court opined that official removal of a child from a parent's home is "in and of itself sufficient evidence of a change in circumstances to warrant a trial court to consider a change of custody." *Id*. This Court further implied that children's removal was likely justified, as there was credible evidence that the daughter retracted her accusations "for reasons other than their truth or falsity." *Id*. Moreover, there was additional evidence that the parties' son was subjected to verbal abuse, which was "most certainly not a normal life change" and was likely to have a significant effect on him. *Id*. at 307.

The instant case is distinguishable in that the underlying CPS investigations did not result in the children's *removal* from defendant's care—the most pivotal fact relied on in *Shann*—and therefore does not fall within *Shann*'s per se rule regarding the legal significance of such removal. Nonetheless, *Shann*'s reasoning supports the trial court's threshold finding in this case. A CPS specialist testified that defendant was investigated in connection with two complaints in fall 2020. The first allegation was that defendant roughly grabbed AM by the jaw and smacked her face several times, but that allegation was not substantiated by CPS. The second allegation was that defendant pinned MM down by her wrists, causing bruising on MM's forearm. The bruise was observed by a physician. CPS substantiated that complaint and referred defendant for services. Further, although defendant denied causing the bruise on MM's forearm, explaining that he grabbed her *wrist* in the midst of an argument, he admitted the conduct involved in the complaint regarding AM. That is, he acknowledged slapping AM in the face for "mouthing off." Thus, there was persuasive evidence that defendant engaged in corporal punishment and that such punishment caused visible injury on at least one occasion.

Defendant's contention that the single event relating to MM would not have the sort of significant effect on the children's wellbeing contemplated in *Vodvarka* lacks merit. Regardless of defendant's purported intention to use these punishments to instill upon the children the value of respect, parents may not "administer excessive physical discipline, or physical discipline that actually harms a child . . . ." *Brown v Brown*, 332 Mich App 1, 10; 955 NW2d 515 (2020). Excessive physical discipline may be construed as domestic violence for purposes of child custody proceedings, *id*., which is relevant to best-interest factor (k), MCL 722.23(k). Assuming defendant's discipline of AM did not rise to the level of "excessive physical discipline" on its own,

it demonstrated that defendant's use of corporal punishment was not an isolated incident. And the marks left on MM make it clear that defendant was not fully in control of his disciplinary action, thereby increasing the possibility that his corporal punishment might exceed the bounds of propriety again in the future. As the *Shann* Court recognized, even verbal abuse should not be regarded as a normal part of a child's life and is "likely to have a significant effect" on children. *Shann*, 293 Mich App at 307. The trial court did not err by concluding that defendant committed domestic violence against the children and that such acts constituted sufficient proper cause or change of circumstances to at least consider modifying the parties' previous custody order.

### III. NOVEMBER 25, 2020 ORDER

Next, defendant argues that the trial court erred by entering the November 25, 2020 order substantially reducing his parenting time without complying with procedural requirements mandated by the Child Custody Act. We agree.[2]

At the time of plaintiff's motion to modify custody and parenting time, the parties shared joint physical and legal custody of the children and enjoyed equal parenting time. On November 25, 2020, an FOC custody and parenting-time specialist recommended temporarily reducing defendant's parenting time to four hours of supervised parenting time twice a week, adjourning the motion pending the outcome of the CPS investigations, and referring the matter for a full hearing before an FOC referee. Plaintiff's counsel confirmed that plaintiff was in agreement with the recommendation, and the trial court entered an order adopting the proposed terms. While defense counsel participated in a prehearing conference with the FOC custody and parenting-time specialist, neither defendant nor his attorney were present when the motion came before the trial court. Nonetheless, plaintiff maintains that defendant verbally stipulated to the recommendations during the prehearing conference, and defendant has not disputed this assertion on appeal.

In pertinent part, MCL 722.27(1)(c) provides, "The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." Consequently, a trial court cannot modify custody, even temporarily, absent clear and convincing evidence that doing so is in the best interests of the child, and evidence on that point must be adduced at "an evidentiary hearing held for that purpose." *Grew v Knox*, 265 Mich App 333, 336; 694 NW2d 772 (2005). Even when styled as a mere change in parenting time, an order that alters a child's established custodial environment must be treated as a change in custody. *Stoudemire v Thomas*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360441); slip op at 5. Indeed, when "a purported parenting time adjustment relegates a parent who

---

[2] We review temporary orders affecting custody for an abuse of discretion. *Grew v Knox*, 265 Mich App 333, 336; 694 NW2d 772 (2005). "An abuse of discretion, for purposes of a child custody determination, exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Butler v Simmons-Butler*, 308 Mich App 195, 201; 863 NW2d 677 (2014). Underlying questions of law are reviewed for clear legal error. *Grew*, 265 Mich App at 336. Clear legal error occurs when the trial court "incorrectly chooses, interprets, or applies the law." *Vodvarka*, 259 Mich App at 508 (quotation marks and citation omitted).

previously had equal parenting time to a 'weekend parent,' the adjustment is really a change in custody." *Id*. at ___; slip op at 7. The temporary change in defendant's parenting time implemented by the November 25, 2020 order—a reduction from equal parenting time to a total of eight hours of supervised parenting time each week and complete elimination of overnights— was clearly capable of amounting to a change in the established custodial environment. Accordingly, the trial court was required to hold an evidentiary hearing to determine if this change was in the children's best interests.

Citing *Koron v Melendy*, 207 Mich App 188; 523 NW2d 870 (1994), the trial court held that the November 25, 2020 order was properly entered because the court's compliance with MCL 722.27(1)(c) was implicit in its adoption of the FOC specialist's recommendation and the parties' stipulation. The *Koron* Court affirmed a consent judgment of divorce that granted the plaintiff physical custody of the parties' child. *Id*. at 189-190. On appeal, the defendant challenged the judgment on the basis that the trial court failed to make factual findings regarding the statutory best-interest factors. *Id*. at 190. This Court explained that although stipulations regarding child custody are not, trial courts are not precluded from entering orders consistent with such stipulations. *Id*. at 191. This Court reasoned that "[i]mplicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interests." *Id*. "[W]hen a court acts in its judicial capacity to include a stipulation regarding custody and visitation in its judgment, we assume, absent the court's later acknowledgment to the contrary, appropriate deliberation as well as recognition and utilization of the applicable law." *Id*. at 191-192. Thus, "in cases where the parties are in agreement regarding custody and visitation and present the court with such an agreement, the trial court need not expressly articulate each of the best interest factors." *Id*. at 192. Significantly, the *Koron* Court also opined that precedent requiring on-the-record factual findings regarding the best-interest factors was inapposite because the cases cited by the defendant involved modification of an existing custody order, rather than an original agreement regarding custody. *Id*.

Here, the issue before the trial court concerned custody *modification*, which by the unambiguous reasoning articulated in *Koron*, renders the instant case distinguishable. In the context of custody modification, this Court has held that trial courts "cannot blindly accept the stipulation of the parents, but must independently determine what is in the best interests of the child." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). "Despite any agreement which the parties may reach in regard to the custody of their child, where a custodial environment is found to exist physical custody should not be changed absent clear and convincing evidence that the change is in the best interests of the child." *Id*. at 22 (quotation marks and citation omitted). See also *Maier v Maier*, 311 Mich App 218, 224; 874 NW2d 725 (2015) (recognizing that parents' stipulation does not override a trial court's duty to consider best-interest factors); *Spires v Bergman*, 276 Mich App 432, 442-443; 741 NW2d 523 (2007) ("[T]he family court cannot accept a stipulation of the parents in child custody matters, and must independently determine what is in the best interests of the child.").

The trial court's reliance on *Koron* as supporting its entry of the November 25, 2020 order without an evidentiary hearing or findings regarding the children's best interests was misplaced. Even assuming that the trial court implicitly determined that the terms of its order served the children's best interests, there was no evidentiary basis for that determination because no evidence had been offered at the time of the court's order, which was entered nearly two months before the

evidentiary hearing began, and that hearing did not conclude until January 2022. The referee issued a recommendation and factual findings on February 1, 2022, and a final order expressly modifying custody was not entered until June 14, 2022. In other words, the trial court did not fully comply with MCL 722.27(1)(c) until more than 18 months after it first modified custody by way of the November 25, 2020 order.

Defendant's reliance on the Supreme Court's order in *O'Brien v D'Annunzio*, 507 Mich 976 (2021),[3] is well placed. In *O'Brien*, trial court effectively modified the children's established custodial environment in a temporary order that suspended the defendant's parenting time approximately 15 months before an order "properly based on an evidentiary hearing" was entered. *Id*. at 977. The Supreme Court vacated the trial court's later order, reasoning:

> The trial court erred by modifying the children's established custodial environment in its November 16, 2017 temporary order without first conducting an evidentiary hearing. That order suspended the appellant's parenting time, precluded her from initiating contact with the children, and continued granting the appellee full-time parenting time. By doing so, the order had the effect of modifying the children's established custodial environment. Therefore, MCL 722.27(1)(c) applied, and the trial court should have first conducted an evidentiary hearing. *Grew v Knox*, 265 Mich App 333, 336; 694 NW2d 772 (2005) ("An evidentiary hearing is mandated before custody can be modified, even on a temporary basis."). Despite this Court's admonishment in *Daly v Ward*, 501 Mich 897, 898 (2017), that it is "critical . . . that trial courts fully comply with MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment," the trial court failed to do so. In *Daly*, we explained that full compliance with MCL 722.27(1)(c) is necessary because "[i]n many instances, it is difficult—if not altogether impossible—to effectively remedy [an error] on appeal, and to restore the *status quo ante*, . . . without causing undue harm to the child." *Daly*, 501 Mich at 898. To be sure, it is impossible to effectively remedy the error in entering the November 16, 2017 order when 15 months passed before an order properly based on an evidentiary hearing was issued. The trial court's February 19, 2019 final opinion and order relied on events that occurred in a custodial environment that was erroneously altered in November 2017. Therefore, we cannot conclude that the error was harmless. [*Id*. (alterations in original).]

Just as in *O'Brien*, the trial court in this case entered an order that, over time, could have altered the children's established custodial environment without first holding an evidentiary hearing and making the requisite findings of fact. The harmful effect of the error in this case also mirrors *O'Brien*, as the factual findings and legal analyses later adopted by the trial court were influenced by the erroneously entered order. For instance, the trial court concluded that the preponderance-of-the-evidence standard applied to plaintiff's motion because the children's

---

[3] "An order that is a final Supreme Court disposition of an application and that contains a concise statement of the applicable facts and reasons for the decision is binding precedent." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 483; 633 NW2d 440 (2001).

established custodial environment existed with plaintiff only since "she has been primarily responsible for the children since November of 2020." The court also relied on the change effectuated by the November 25, 2020 order to find that best-interest factor (d) favored plaintiff. For these reasons, we must vacate the June 14, 2022 opinion and order and remand for further proceedings. *Id*.

Additionally, the trial court erred to the extent it alternatively concluded that defendant waived his objection to the propriety of the November 25, 2020 order. Defendant argued below that the court erred by reducing his equal parenting time because it altered the established custodial environment without first conducting an evidentiary hearing. Defendant articulated a sound argument and cited appropriate legal support, namely, *O'Brien*, 507 Mich 976, *Daly*, 501 Mich 897, and *Grew*, 265 Mich App 333. Moreover, in response to the court's inquiries at oral argument regarding the significance of the parties' stipulation, defendant submitted a supplemental brief distinguishing *Koron* on procedural grounds and identifying ample authority for the proposition that the trial court had to make an independent determination regarding the children's best interests before modifying custody. Defendant did not waive or abandon this issue below.

IV. BURDEN OF PROOF

Defendant also argues that the trial court erred by relying on the improper November 25, 2020 order to conclude that the children's established custodial environment was with plaintiff only and that this error caused the trial court to apply the incorrect burden of proof to plaintiff's motion.

"When resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). This determination "is a pivotal step in a custody battle because it dictates the applicable burden of proof." *Bofysil v Bofysil*, 332 Mich App 232, 243; 956 NW2d 544 (2020). When modification of an earlier judgment or order would change the established custodial environment, "the moving party must show by clear and convincing evidence that it is in the child's best interest." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010). "If the proposed change does not change the custodial environment, however, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Id*.

As noted, in *O'Brien*, 507 Mich 976, the trial court's procedural error of not conducting an evidentiary hearing before suspending parenting time in November 2017 "had the effect of modifying the children's established custodial environment." Given that "[t]he trial court's February 19, 2019 final opinion and order relied on events that occurred in a custodial environment that was erroneously altered in November 2017," the Supreme Court held that the error was not harmless and required vacation of the final order. *Id*. at 977.

In this case, the trial court concluded that the children's established custodial environment existed with plaintiff only such that plaintiff had to support her motion by a preponderance of the evidence. The court reached this conclusion on the basis that the children primarily resided with plaintiff, while defendant exercised parenting time only twice a week. However, like *O'Brien*, this parenting time arrangement was a product of the court's November 25, 2020 order that was

erroneously entered into without the required evidentiary hearing. Accordingly, it is clear that the trial court's finding as to the established custodial environment must be vacated.

The question becomes how the trial court should address this issue on remand considering that the effect of the erroneous order cannot be undone. See *Daly v Ward*, 501 Mich 897 (2017) ("[I]t is difficult—if not altogether impossible—to effectively remedy on appeal, and to restore the *status quo ante*, following an erroneous order altering a child's established custodial environment without causing undue harm to the child."). The Supreme Court recently reiterated that trial courts must consider up-to-date information on remand in child custody cases:

> When nonharmless errors occur in child custody cases that necessitate a remand to the circuit court for reevaluation, those courts should address the circumstances of the child as they exist at the time of remand. See *O'Brien*[, 507 Mich 976]; [*Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994)]; *Dempsey v Dempsey*, 409 Mich 495, 496; 296 NW2d 813 (1980).

> On remand, when addressing the issues remanded by the Court of Appeals, we [direct the trial court] to reevaluate the children's established custodial environments based upon up-to-date information in existence at the time of the evidentiary hearing. If the circuit court concludes that the children have established custodial environments with plaintiff or with both parents at the time of the hearing on remand, then "[t]he court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). See also *Foskett v Foskett*, 247 Mich App 1, 5-6, 634 NW2d 363 (2001). [*Butters v Butters*, ___ Mich ___ (2022) (Docket No. 164888).]

We conclude that this guidance is applicable to this case and shall be followed by the trial court on remand. We further note that it was improper for the trial court to decide the children's established custodial environment solely on the basis that plaintiff had become the children's primary caregiver as a result of the November 25, 2020 order. A temporary custody order does not necessarily create an established custodial environment with the custodial parent or preclude an established custodial environment from existing with the noncustodial parent. See *Berger v Berger*, 277 Mich App 700, 706-707; 747 NW2d 336 (2008). Instead, "[a] custodial environment 'is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.' " *Kubicki v Sharpe*, 306 Mich App 525, 540; 858 NW2d 57 (2014), quoting MCL 722.27(1)(c). "The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." MCL 722.27(1)(c).

Here, the trial court did not consider the statutory factors listed in MCL 722.27(1)(c). It also lost sight of the fact that, with the exception of an approximately three-week period shortly after the parties' divorce, defendant enjoyed equal parenting time since October 2015. The evidence regarding his relationship with the children before fall 2020 is scant, but the parties' equal involvement in the children's lives is highly indicative of an established custodial environment with both parents. While the trial court must consider up-to-date information on remand, *Butters*,

___ Mich ___, it shall also apply the statutory factors in light of the past history of the parties and their children.

## V.  CONCLUSION[4]

The trial court erred by substantially reducing defendant's parenting time in November 2020 without holding an evidentiary hearing and complying with MCL 722.27(1)(c).  This error tainted the balance of the proceedings, and we therefore vacate the trial court's opinion and order except for its conclusion that proper cause or change of circumstances existed to reconsider the parties' previous custody order.  On remand, the trial court is directed to expedite its consideration and resolution of this case.  *O'Brien*, 507 Mich at 977.  We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Anica Letica

---

[4] In light of our disposition of this case, we decline to address defendant's arguments regarding the trial court's best-interest findings, as review would be premature at this juncture. Nor is it necessary to engage in a detailed analysis of defendant's judicial bias claim because this case was reassigned to a newly appointed judge shortly after plaintiff's motion was granted, thereby alleviating the risk that the remand proceedings will be affected by the alleged bias of the previous judge.